QUESTIONS: 1. Should federal funds granted to locally funded criminal analysis laboratories be matched in computing the amount of state matching funds to which such laboratories are entitled under s. 6(2) of Ch. 74-362, Laws of Florida? 2. May the state funds contributed during a preceding year be considered in computing the amount of the state's contribution for the following year in the years following the first year that state matching funds are provided for this purpose?
SUMMARY: Under Ch. 74-362, Laws of Florida, the state is required to match funds locally contributed to a locally funded criminal analysis laboratory to pay its operating costs (excluding certain specifically enumerated "nonlaboratory" operations or functions), provided this amount does not exceed 75 percent of the cost of the "laboratory operations" as defined in the statute. The state is not required or authorized to match federal funds granted to the laboratory. Nor is it required to duplicate a state contribution made in the preceding year; and such a contribution may not be considered in computing the state matching funds or contribution for the following fiscal year. AS TO QUESTION 1: The expressed purpose of Ch. 74-362, Laws of Florida, is to provide a statewide criminal analysis laboratory system to meet the needs of the "criminal justice agencies" of this state by establishing state-operated laboratories and providing financial assistance to existing locally funded crime laboratories in Broward, Dade, Palm Beach, Indian River, and Seminole Counties. See ss. 2(2) and 6(1) of Ch. 74-362 [ss. 943.32(2) and 943.35(1), F.S. (1974 Supp.)]. The provision for state financial assistance to the existing locally funded laboratories designated in s. 6(1) of the act reads as follows: The state shall provide matching funds not to exceed seventy-five percent of the operating cost of such laboratories previously enumerated. The state shall match only that portion of the operating budget which is from local contributions . . . . (Emphasis supplied.) [Section 6(2), Ch. 74-362 (s. 943.35[2], F.S. [1974 Supp.])] This section provides also that certain functions thereafter listed, such as identification photographs, "are not to be considered laboratory operations for the purpose of appropriating state matching funds. . . ." And each of the crime laboratories in question is required to submit annually to the Department of Administration an itemized estimate of the amount needed for operational expenses of the laboratory for the fiscal year beginning July 1 after the submission of such itemized estimate. See s. 7(1), Ch. 74-362, supra
[s. 943.36(1), F.S. (1974 Supp.)], providing that the report containing the estimated expenditures shall . . . itemize the expenditures required for the laboratory submitting it. The report shall indicate the portion of operating expenses to be funded by utilizing federal funds and that portion utilizing local funds. The report shall specify the amount of the local appropriation to be used as the basis for computing the state's matching contribution. (Emphasis supplied.) The provisions of s. 7(1), supra, italicized above make a distinction between federal funds and "local" funds; and in view of the clear and unambiguous mandates of the statute that the report of estimated operating costs "shall specify the amount of the local appropriation to be used as the basis for computing the state's matching contribution," and that the state "shall match only that portion of the operating budget which is from local contributions," (Emphasis supplied.) it can be concluded only that federal funds may not be considered in determining the amount of matching funds which the state is obligated under the statute to supply. This conclusion is confirmed by the fact that only $332,250 was appropriated by s. 14(2) of the act to the Department of Criminal Law Enforcement to provide state matching funds for all five of the locally funded criminal analysis laboratories designated in s. 6 of the act, beginning January 1, 1975. In sum: Except for the expense of providing the functions enumerated in s. 6(2), supra, which are specifically excluded for the purpose of computing the state's matching funds, the state is obligated to match the funds locally contributed to one of the crime laboratories in question to meet its operating expenses for a particular operating year, so long as this amount does not exceed 75 percent of "the operating cost of such laboratories" as defined in the statute. Thus, in the situation hypothesized by you — where the "total operating cost" is $100,000, $50,000 of which was received from the county and $50,000 from the federal government — the state would be required to match that portion of the county's $50,000 contribution which may properly be used as the basis for computing the state's matching contribution, as this amount would not exceed 75 percent of the total allowable operating cost for the year; but it appears to have no authority or obligation to match the $50,000 granted by the federal government. Accordingly, your first question is answered in the negative. AS TO QUESTION 2: The statutory provisions referred to above require a negative answer to your second question also. As noted, the amount of the state's contribution is based upon the annual estimated expenditures — its "operating budget" for that year — submitted to the department by the laboratory; and the state's matching contribution is expressly limited to "that portion of the operating budget which is from local contributions" — excluding, of course, the expense of "nonlaboratory" operations or functions specifically enumerated in s. 6(2), supra, which may not be matched with state funds. As I read the statute, the state's matching funds for a particular laboratory may vary from year to year, depending upon the amount contributed locally for that year to the laboratory's operations which may properly be matched by state funds. Thus, the state's contribution of matching funds to a laboratory for its operations during a previous operating budget year is irrelevant to the question of how much it should contribute the following year and may not be considered in computing the amount of the state's contribution for the following year. Your second question is, therefore, answered in the negative.